IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ADOLFO BARRON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-25-CV-481-KC |
| | § | |
| CHARISMA EDGE, *Warden*, FCI La Tuna, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Adolfo Barron, Federal Prisoner Number 14770-511, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed petition is dismissed as moot.

## BACKGROUND

Barron is a former prisoner who was confined at the La Tuna Federal Correctional Institution in Anthony, Texas, at the time he filed his petition. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 14770-511, last visited Mar. 26, 2026). He is no longer in custody as he was released by the Bureau of Prisons (BOP) on February 24, 2026. *Id.*

On May 11, 2024, Barron approached a Border Patrol immigration checkpoint in Del Rio, Texas. *United States v. Barron*, 2:24-cr-01403-EG (W.D. Tex), Plea Agreement, ECF No. 53 at 3. He told Border Patrol officers that he was traveling with his passenger, Omar Bautista-Cabrales, to San Antonio, Texas. *Id.* His passenger admitted to the officers that he was a Mexican citizen without legal authorization or documentation to enter the United States. *Id.*

The Border Patrol officers applied for and received a search warrant for Barron's phone. *Id.* at 4. They located multiple messages establishing that Barron had discussed smuggling Bautista-Cabrales to San Antonio for a fee with an unindicted co-conspirator. *Id.*

Barron pled guilty in the District Court in Del Rio, Texas, to conspiracy to transport aliens,

in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i). *Id.*, J. Crim. Case, ECF No. 70 at 1. He was sentenced to 16 months' imprisonment followed by three years' supervised release. *Id.* at 2, 3.

Barron now challenges the way Respondent Chrisma Edge has determined his Good Time Credits, First Step Act Earned Time Credits, Second Chance Act Credits, and prison release date. Pet'r's Pet., ECF No. 1 at 1. He asks the Court order Edge to "properly provide all Good Time, First Step Act, and Second Chance Act Credits" to which he is entitled. *Id.* at 5. He maintains that if Edge had properly applied his credits, his placement in a pre-release Residential Reentry Center would have occurred on or about November 27, 2025. *Id.* at 3.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Barron's release from BOP custody on February 24, 2026, may have mooted his request for the Court to order Edge to grant him credits, order his placement in a Residential Reentry Center, and recalculate his release date. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 14770-511, last visited Mar. 26, 2026).

A court must have an actual case or controversy before it at all stages of the proceedings

to meet the requirements of Article III, Section 2, of the Constitution. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Indeed, a court is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). So, "[a] case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

Although a § 2241 action "is not moot simply because a petitioner is no longer in custody[, it becomes] moot when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. February 22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)). "Whether an [action] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey*, 821 F.2d at 278. "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999) (internal citations omitted)

"Although neither party has raised the mootness issue, this Court is compelled to raise the issue *sua sponte*, since the issue implicates Article III case or controversy considerations." *Donovan v. Air Transp., Dist. Lodge No. 146, Int'l Ass'n of Machinists & Aerospace Workers*, AFL-CIO, 754 F.2d 621, 624 (5th Cir. 1985).

The Court finds that Barron satisfied the jurisdictional "in custody" requirement of § 2241 when he filed his petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). But the Court can no longer order Edge to "provide all Good Time, First Step Act, and Second Chance Act

3

Credits" to Barron because he was released from custody. Moreover, the Court cannot order Barron's placement in a community-based facility or his early release to supervision. And in any event, the Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement including in a community-based facility. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Still, "the possibility that the district court may alter [Barron's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, [may prevent his] petition from being moot." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). But even if Barron had served a longer custodial sentence than the sentencing court intended, he is not entitled to "'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998).

Additionally, Barron did not seek a modification of his term of supervised release in his § 2241 petition. But even if he had sought such relief, this Court would not have the jurisdiction to modify the terms of his supervised release. This is because—absent a transfer of jurisdiction to this Court—only the sentencing court in Del Rio has the authority to modify the terms of his supervised release. *See* 18 U.S.C. § 3601 ("A person who has been … placed on supervised release … shall … be supervised by a probation officer to the degree warranted by the conditions specified

by the sentencing court."); *id*. § 3605 ("A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter ...").

As a result, it is impossible for this Court to grant Barron any effectual relief on his § 2241 petition.

## CONCLUSION AND ORDERS

The Court concludes that Barrons's release from BOP custody mooted his § 2241 petition, notwithstanding his continued supervision, because the Court can no longer grant the relief that he seeks in his petition. Pet'r's Pet., ECF No. 1 at 6; *see Bailey*, 821 F.2d at 278 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"). The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Adolfo Barron's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) and civil cause are **DISMISSED WITHOUT PREJUDICE** as moot.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 27th day of March, 2026.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**